IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                                                          **Case No.  04-20067-JWL**

**ION MINDRECI,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

A jury convicted Ion Mindreci of being a fugitive from justice in possession of a firearm in violation of Title 18, United States Code, §§ 922(g)(2) and 924(a)(2). Specifically, the jury found that defendant possessed a 9mm Intratec, a .357 Smith & Wesson revolver, a .38 caliber Smith & Wesson revolver, a 7.62 x 39mm SKS rifle, a .22 caliber Sturm, Ruger and Co. rifle, a 12 gauge Savage shotgun, and a Turkish Mauser Rifle.  This matter is now before the court on defendant's motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 (Doc. # 67).[1]  In his motion, defendant argues that there was insufficient evidence of a nexus

---

[1] In his motion, defendant moves for a new trial, but Rule 29 gives no grounds for granting a new trial, only for judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed. R. Crim. P. 33. "A motion for new trial under Fed. R. Crim. P. 33 is not regarded with favor and should be granted only with great caution." *United States v. Custodio,* 141 F.3d 965, 966 (10th Cir.1998) (further quotation and citation omitted). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. *United States v. Stevens,* 978 F.2d 565, 570 (10th Cir.1992). Defendant does not present any argument as to why a new trial is warranted, and, therefore, the court will only consider defendant's pleading as a motion of acquittal pursuant to Rule 29, as

between defendant and the firearms, as his joint occupancy of a garage is insufficient to prove possession of the firearms that were found in the garage.

The court grants in part and denies in part defendant's motion for judgment of acquittal. The court denies defendant's motion for judgment of acquittal for the 7.62 x 30mm SKS rifle, 9mm Intratec,   .357 Smith & Wesson revolver and   .38 caliber Smith & Wesson revolver because there was sufficient evidence for the jury to find that defendant had knowledge of and access to these weapons.  However, the court grants defendant's motion as to the .22 caliber Sturm, Ruger and Co. rifle, the 12 gauge Savage shotgun and the Turkish Mauser Rifle because the government failed to establish a nexus between defendant and these weapons.

**STANDARD**

As to motions for judgment of acquittal, the court must uphold the jury's verdict of guilty if " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Haber,* 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schluneger,* 184 F.3d 1154, 1158 (10th Cir. 1999)). The court "must ask 'only whether taking the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--in the light most favorable to the government, a reasonable jury could find [defendant] guilty beyond a reasonable doubt.' " *United States v. Magleby,* 241 F.3d 1306, 1311 (10th Cir. 2001) (quoting *United States v. Springfield,* 196

---

defendant presents arguments in support of this relief.

F.3d 1180, 1184 (10th Cir. 1999)). "Furthermore, 'the evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt.' " *Id.* (quoting *United States v. Wood,* 207 F.3d 1222, 1228 (10th Cir. 2000)).

## ANALYSIS

Defendant argues that there was insufficient evidence to support the jury's verdict that he was guilty of being a fugitive from justice in possession of a firearm. To obtain a conviction for this crime the government must prove: (1) that the defendant was a fugitive from justice; (2) that the defendant knowingly possessed a firearm while he was a fugitive from justice; and (3) that possession of the firearms was in or affecting commerce. *See* 18 U.S.C. § 922(g)(2). Defendant only argues that there was insufficient evidence presented at trial to prove that he knowingly possessed a firearm while he was a fugitive from justice.

"Possession" can be either actual or constructive under § 922(g)(2). *United States v. Banashefski,* 928 F.2d 349 (10th Cir.1991). Constructive possession occurs when a person "knowingly holds ownership, dominion or control over the object and premises where it is found." *United States v. Lazcano-Villalobos,* 175 F.3d 838, 843 (10th Cir. 1999). If the defendant has "exclusive possession of the premises," knowledge, dominion, and control are properly inferred. *Avery,* 295 at 1177 (quoting *United States v. Mills,* 29 F.3d 545, 549 (10th Cir. 1994)). However, if more than one person occupies the premises, the government must

meet a higher burden. "In cases of joint occupancy, where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband." *Mills,* 29 F.3d at 549. Furthermore, in order to sustain a conviction based on constructive possession in joint occupancy cases, the government must show "evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband." *United States v. Hien Van Tieu,* 279 F.3d 917, 921 (10th Cir. 2002) (quoting *Heckard,* 238 F.3d at 1228). Thus, in the joint occupancy context, "*knowledge* and *access* are required to prove that the defendant knowingly held the power to exercise dominion and control over the firearm." *United States v. Colonna,* 360 F.3d 1169, 1179 (10th Cir. 2004) (citing *United States v. Gorman,* 312 F.3d 1159, 1164 (10th Cir.2002))(emphasis added).

Defendant argues that the government was also required to present evidence that ruled out other joint occupants as possessors of the firearms, citing *United States V. Norman*, 388 F3d 1337 (10th Cir. 2004) and *United States v. Colonna*, 360 F.3d 1169 (10th Cir. 2004) as authority.

The holding in *Norman*, however, does not stand for the proposition asserted by defendant. There, a gun was found in the locked glove compartment box of a car occupied by two people, and the court found that the fact that the defendant had the key to the glove compartment, along with testimony regarding the defendants's exclusive possession and ownership of the car, supported the jury's finding of a nexus between the defendant and the gun, and supported a reasonable inference that the defendant had access to the gun, not that the

4

government had successfully proven that the joint occupant did not have possession of the gun. *See Norman*, 388 F.3d at 1341-42.  Also, the court in *Colonna* did not hold that the government needs to rule out joint occupants as possessors.  There, the court examined a claim by the defendant that he did not have access to four firearms because his wife was the possessor of the guns found in a dresser. After hearing evidence that the wife could not describe the guns except for in the most general terms, the court found that because of the wife's testimony, a jury could have reasonably concluded that the guns were found in the defendant's dresser, not his wife's, and that he had access to them.  *Colonna*, 360 F.3d at 1180.

Here, the government presented evidence to show a nexus between defendant and the firearms through the testimony of Michelle Knight, one of defendant's neighbors.  Ms. Knight testified that she observed defendant making several hurried trips between his apartment and his garage.  During one of these trips, defendant carried a long object that was covered in its entirety, with the top portion covered by something that was the orange color associated with hunting vests.  Ms. Knight believed this object was a gun based upon its shape and the manner in which defendant carried it. Ms. Knight also testified that she saw defendant carrying several small black boxes, each about the size of a shoe box.

Ms. Knight relayed her observations to authorities, and, subsequently, a search warrant was obtained and executed by Federal Bureau of Investigation agents the day after Ms. Knight made her observations.  During the search of the garage, agents discovered a long object that was partially covered with something the color of an orange hunting vest, a gun case containing a 7.62 x 30mm SKS rifle.  Agents also discovered three black boxes as described by Ms.

Knight, the only black boxes in the garage, which contained a 9mm Intratec, a .357 Smith & Wesson revolver and a .38 caliber Smith & Wesson revolver.

As to the 7.62 x 30mm SKS rifle, 9mm Intratec, .357 Smith & Wesson revolver and .38 caliber Smith & Wesson revolver, the court finds that when viewing the direct and circumstantial evidence in the light most favorable to the government, there was sufficient evidence for a reasonable jury to find defendant guilty of possessing these firearms. Evidence was presented that defendant was seen carrying the long object with an orange "hunting type" object and black boxes from his home to his garage. It was reasonable for the jury to infer that the containers, which Ms. Knight observed defendant carrying, held firearms while defendant moved them from his apartment to his garage because these containers were found to contain firearms when inspected by agents during the execution of the search warrant a day after Ms. Knight observed their hasty relocation. This inference supports a finding that defendant had both knowledge and access to the firearms.

The court, however, agrees that there is insufficient evidence of a nexus between defendant and the .22 caliber Sturm, Ruger and Co. rifle, the 12 gauge Savage shotgun and the Turkish Mauser Rifle. The government argues that it presented evidence of a nexus between defendant and these three long guns because the .22 caliber Sturm, Ruger and Co. rifle, the 12 gauge Savage shotgun and Turkish Mauser Rifle were "meticulously placed" around the 7.62 x 39mm SKS rifle, and that all of the objects had been hidden from view with blankets. The government argues the placement of the weapons shows that defendant had knowledge and access to them. The government also argues that it proved a nexus between the .22 caliber rifle

and defendant because ammunition for this weapon was found in his bedroom. Both of the government's arguments fail for the same reason. They rely only on defendant's occupancy of the spaces, which was joint.

The government argues that it has shown a nexus between defendant and the .22 caliber Sturm, Ruger and Co. rifle, the 12 gauge Savage shotgun and the Turkish Mauser Rifle because these three long guns were arranged around the SKS rifle, which Ms. Knight observed defendant transporting. The government does not cite any case law, nor has the court been able to find case law, that supports the argument that there is a nexus between a defendant and an object when that object is found around an object to which the defendant does have a nexus in cases of joint occupancy. Allowing the drawing of such an inference in instances of joint occupancy would ignore the necessity of proving both knowledge and access to the firearms.

In this case, there is evidence proving that defendant possessed the SKS rifle and the three handguns, but because these firearms were found in an area that was jointly occupied by defendant and his wife, that does not establish the necessary nexus between defendant and the other firearms. As defendant's wife had access to the garage, it is possible that she placed the other three long guns around the weapons that defendant was seen moving because defendant did not have exclusive control of the garage. Allowing the finding of constructive possession based upon the evidence in this case would eliminate the government's obligation to prove both knowledge of and access to the firearms, which is required in cases of joint possession.

The government also did not establish a nexus between the defendant and the .22 caliber rifle by virtue of the .22 caliber ammunition. The government argues that this ammunition provides the nexus because it was found in defendant's bedroom, but this was a space which also was jointly occupied by defendant and his wife. Because there was joint occupancy of the bedroom, the government is required to show both knowledge of and access to the ammunition if it is to prove that defendant was in possession. The government did not do this. As the government failed to establish a nexus between the ammunition and the defendant, it would have been unreasonable for the jury to infer that defendant possessed the .22 caliber rifle because he possessed ammunition for this firearm when there was insufficient evidence that defendant possessed the ammunition.

**CONCLUSION**

Defendant's motion for judgment of acquittal is denied in part and granted in part. The court denies defendant's motion for judgment of acquittal for the 7.62 x 30mm SKS rifle, 9mm Intratec, .357 Smith & Wesson revolver and .38 caliber Smith & Wesson revolver because there was sufficient evidence for the jury to find that defendant possessed these weapons. However, the court grants defendant's motion as to the .22 caliber Sturm, Ruger and Co. rifle, the 12 gauge Savage shotgun and the Turkish Mauser Rifle because the government failed to establish a nexus between defendant and these weapons.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for judgment of acquittal (Doc. # 67) is granted in part and denied in part. Specifically, the court denies defendant's motion as to the 7.62 x 30mm SKS rifle, 9mm Intratec, .357 Smith & Wesson revolver and .38 caliber Smith & Wesson revolver. The court, however, grants defendants motion as to the .22 caliber Sturm, Ruger and Co. rifle, the 12 gauge Savage shotgun and the Turkish Mauser Rifle.

**IT IS SO ORDERED** this 31st day of January, 2005.

/s/ John W. Lungstrum
John W. Lungstrum
United States District Judge